**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

**JOSIAH MENDOZA, INC., and**
**JOSIAH MENDOZA,**

**Plaintiffs,**

**v.**

**KO MEDIA, LLC**
**c/o Lesley Salman**
**Manager and Registered Agent**
**4512 Erin Drive,**
**Haymarket, VA 20169,**

**JESSE HOPTIAK, individually**
**349 Mosby Court,**
**Manassas Park, VA 20111,**

**and**

**LESLEY SALMAN, individually**
**4512 Erin Drive,**
**Haymarket, VA 20169,**

**Defendants.**

**Civil Action No. ______________**

**JURY TRIAL DEMANDED**

## COMPLAINT

Josiah Mendoza, Inc. and Josiah Mendoza (individually and collectively "Mendoza"), by counsel, hereby respectfully submit this Complaint for copyright infringement, false advertising, unfair competition, breach of fiduciary duty, breach of contract and tortious interference against Defendants KO Media, LLC, Jesse Hoptiak and Lesley Salman.

## I. PARTIES

1. Josiah Mendoza is an individual citizen and domiciliary of the Commonwealth of Virginia and the United States of America, residing at 8404 Holstein Pony Court, Gainesville, VA 20155 in Prince William County, Virginia.

2. Josiah Mendoza, Inc. is a for-profit business corporation organized and existing pursuant to and under the laws of the Commonwealth of Virginia, with its principal place of business at 8404 Holstein Pony Court, Gainesville, VA 20155, in Prince William County, Virginia.

3. KO Media, LLC is a for-profit limited liability company organized and existing pursuant to and under the laws of the Commonwealth of Virginia. Its principal place of business and registered office address are at 4512 Erin Drive, Haymarket, VA 20169, which is also the residence address of Lesley Salman, its registered agent.

4. The members of KO Media are Jesse Hoptiak and Lesley Salman.

5. Jesse Hoptiak is an individual citizen and domiciliary of the United States of America and the Commonwealth of Virginia. He resides at 349 Mosby Court, Manassas Park, VA 20111. Mr. Hoptiak personally and directly supervised and participated in the tortious conduct of the Defendants set forth in this Complaint.

6. Lesley Salman is an individual citizen and domiciliary of the United States of America and the Commonwealth of Virginia. She resides at 4512 Erin Drive, Haymarket, VA 20169. Ms. Salman personally and directly supervised and participated in the tortious conduct of the Defendants set forth in this Complaint.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this case due to federal question jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338(a). The Complaint asserts claims against the Defendants under the federal Lanham Act and also under the United States Copyright Act.

8. This Court has ancillary and supplemental jurisdiction over Mendoza's state-law claims, which arise out of the same transactions and occurrences as, and out of the same nucleus of operative facts as, Mendoza's federal law claims. 28 U.S.C. § 1367.

9. Personal jurisdiction and venue are proper in this Court because all parties are citizens and domiciliaries of Virginia and reside in this district and division.

## II. FACTS

10. Mendoza owns the copyrights in four videos which Defendants have used to obtain business and collect money from several Mendoza customers, including but not limited to: Premier Martial Arts, Mystic Flow Wellness and Alvarado Dentistry (the "Mendoza Copyrighted Videos").

11. Josiah Mendoza was the photographer and videographer for all four of the Mendoza Copyrighted Videos, and he owns the registered copyrights in and on them, which have been exclusively licensed to Mendoza, Inc. for further license to its customers for their use only. The copyright registration numbers for Mendoza's Premier Martial Arts videos are PA 2-385-850 and PA 2-385-848.

12. The copyright registration number for Mendoza's Mystic Flow Wellness Center video is PA 2-385-846.

13. The copyright registration number for Mendoza's Alvarado Dentistry video is PA 2-385-837.

14. Mendoza also owns the copyright in four relevant Photographs for which Mr. Mendoza was the photographer. Mendoza has copyright applications pending on the Photographs.

15. Because the customers never signed a "work for hire" clause or agreement, Mendoza is the owner of the copyrights in all relevant customer videos, including but not limited to the four Mendoza Copyrighted Videos and Photographs.

16. Despite at least two written warnings from Mendoza and its counsel, Defendants are still publishing, using, copying, advertising and displaying the Mendoza-produced and Mendoza-owned Mendoza Copyrighted Videos on the Internet and on their Facebook page, "KO Media Services" (under the "videos" section) to advertise their videography, video production, advertising, marketing and promotional services, proving that their infringement and other misconduct is willful, intentional, malicious and exceptional. (Exhibit A).

17. In addition, Defendants are still displaying the Mendoza Photographs on their same Facebook page. (*See* Ex. B).

18. Defendants have, in commercial advertising and promotion, falsely passed off the Mendoza-owned and Mendoza-produced Mendoza Copyrighted Videos and Photographs as their own, thus committing the torts of false advertising, unfair competition and passing off, in Virginia commerce and in interstate commerce, in violation of Virginia and federal laws, including without limitation Section 43(a) of the Lanham Act and the tort of unfair competition under Virginia law.

19. Mendoza retained and transacted with Defendants for Defendants to serve as sales agents for Mendoza's videography and video production business.

20. Defendants thus owed Mendoza fiduciary and agency duties of candor, loyalty, disclosure and faithfulness, the duty to avoid self-dealing, and the duty to avoid conflicts of interest.

21. In violation of their fiduciary duties, rather than honestly and faithfully serving as sales agents on behalf of Mendoza, Defendants secretly and duplicitously contracted with customers in their own names, converted and misappropriated customers, customer contracts and customer payments form Mendoza, forged Mendoza's signatures on fake contracts, and passed off the copyrighted works (videos) and Photographs of Mendoza as those of the Defendants.

22. Defendants secretly and duplicitously converted and misappropriated follow-on jobs and contracts from Mendoza clients and customers without telling Mendoza about the follow-on jobs and contracts and without remitting the payments for those jobs and contracts to Mendoza, all while pretending to be Mendoza when interfacing with the customers.

23. As but on example, Defendants forged Mr. Mendoza's signature on a contract with Mendoza customer Rich/Richard Miller (*see* Ex. C), and Defendants also converted and misappropriated to their own benefit $11,000.00 due from Rich Miller to Mendoza.

**COUNT I: COPYRIGHT INFRINGMENT**

24. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

25. Defendants have copied and infringed, and have contributed to and induced others to copy and infringe, Mendoza's copyrights in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

26. Despite prior written warnings and demands to cease and desist, Defendants have continued for over eight months to copy, publish, distribute and download, and to induce and contribute to others publishing, distributing, copyrighting and downloading, Mendoza's copyrighted works, videos, and Photographs, including on the KO Media Facebook page.

27. Defendants' copyright infringement and contributory and induced infringement, has been and is willful, malicious and intentional, and has been perpetrated with a reckless, willful and deliberate disregard for the rights of Mendoza, and with the specific intent to financially harm, damage and injure Mendoza, making this a willful and exceptional aggravated case of copyright infringement.

28. Defendants' copyright infringement and contributory and induced infringement, have caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and have damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and gains from their tortious misconduct and infringement pursuant to 17 U.S.C. § 504. In the alternative, Mendoza is entitled to receive statutory damages of $150,000 for each of the (at least four) Mendoza Copyrighted Videos copied, published, sold, offered for sale or distributed by Defendants.

29. Defendants' copyright infringement, contributory infringement and induced infringement have caused and will continue to cause Mendoza repeated injury and irreparable harm for when Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or complete relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, requiring that all Defendants' copies of

Mendoza's copyrighted works be disabled, taken down, seized, impounded and deleted or destroyed.

30. Mendoza is also entitled to recover their attorneys' fees and litigation costs and expenses pursuant to 17 U.S.C. § 505.

**REQUEST FOR RELIEF**

Therefore, Mendoza respectfully requests judgment as follows:

A) That the Court enter a judgment against Defendants that Defendants infringed the rights of Mendoza in their federally registered copyrights under 17 U.S.C. § 501;

B) That Defendants' copyright infringement was willful;

C) That the Court issue a preliminary and then permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos that are in the possession of Defendants that are or constitute substantially similar to or derived from the Mendoza Copyrighted Videos and Photographs;
2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or Photographs;
3) Engaging in any other activity constituting an infringement of the copyright-protected Mendoza Copyrighted Videos or Photographs;

4) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph C(1) through C(3) above;

D) The Defendants be ordered to account to Mendoza for, and disgorge, all profits they have derived by reason of the unlawful actions complained of above.

E) That Mendoza be awarded damages for Defendants' copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from their unlawful infringement of the Mendoza Copyrighted Videos and Photographs; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Mendoza's election before the entry of final judgment in the amount of $150,000 for each of the four (4) copyrighted works, together with prejudgment and post-judgment interest.

F) That the Court issue a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Copying, reproducing, publishing, downloading, duplicating, disseminating, distributing, or using infringing copies of the Mendoza Copyrighted Videos or Photographs;

2) Engaging in any other activity constituting an infringement of any of the Mendoza Copyrighted Videos or Photographs; and,

3) Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraph F(1) through F(2) above.

G) That the Court issue an Order at the conclusion of the present matter that all infringing copies of the Mendoza Copyrighted Videos and Photographs, and all storage devices and media on which they were stored, be seized, impounded or destroyed.

H) That Defendants compensate Mendoza for the costs of this action and reasonable attorney's' fees pursuant to 17 U.S.C § 505, along with prejudgment interest.

I) That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising.

**COUNT II: FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

31. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

32. In interstate commerce and in commercial advertising and promotion, Defendants have falsely advertised and passed off as their own intellectual property, work and work product the Mendoza Copyrighted Videos and Photographs.

33. Despite prior written warnings and demands to cease and desist, Defendants have continued for over eight months to publish and pass off as their own works the Mendoza Copyrighted Videos and Photographs. They have also passed themselves off as Mendoza or as being affiliated with, sponsored by or agents of Mendoza.

34. Defendants' false advertising and passing off has been and is willful, malicious and intentional, and has been perpetrated with a reckless, willful and deliberate disregard for the rights of Mendoza, and with the specific intent to financially harm, damage and injure Mendoza, making this a willful and exceptional aggravated case of false advertising and passing off.

35. Defendants' false advertising and passing off have caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and have damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and wrongful gains from their false advertising and passing off pursuant to 15 U.S.C. § 1125(a).

36. Defendants' false advertising and passing off have caused and will continue to cause Mendoza repeated injury and irreparable harm for when Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or complete relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief, requiring that all Defendants' copies of the Mendoza Copyrighted Videos and Photographs be disabled, taken down, seized, impounded and deleted or destroyed, and that Defendants stop passing themselves off as Mendoza, or agents or representatives of Mendoza, or as being sponsored by or affiliated with Mendoza.

37. Because this is a willful and exceptional case of passing off and unfair competition, Mendoza is also entitled to recover three times their damages or three times Defendants' wrongful profits, plus attorneys' fees and litigation costs and expenses pursuant to 15 U.S.C. § 1117(a).

## **REQUEST FOR RELIEF**

Therefore, Mendoza respectfully requests judgment as follows:

A. That the Court enter a judgment against Defendants that Defendants committed false advertising and passing off in violation of Section 43(a) of the Lanham Act, 11 U.S.C § 1125(a);

B. That Defendants' false advertising and passing off was willful, intentional, aggravated and exceptional;

C. That the Court issue a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos or photographs that are in the possession of Defendants that constitute or are substantially similar to the Mendoza Copyrighted Videos or Photographs;

2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or Photographs;

3) Engaging in any other activity constituting false advertising or passing off of the Mendoza Copyrighted Videos, or Photographs, or Defendants passing themselves off as Mendoza, or as agents or representatives of Mendoza, or as being sponsored by or affiliated with Mendoza;

4) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph C(1) through C(3) above;

D) The Defendants be ordered to account to Mendoza for, and disgorge, all profits and gains that Defendants have derived by reason of the unlawful actions complained of above;

E) That Mendoza be awarded damages for Defendants' unfair competition and passing off in the form of either: (i) Mendoza's actual damages in an amount to be determined at trial, or (ii) Defendants' wrongful profits or wrongful gains profits derived from their false advertising and passing off.

F) That the Court issue a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) False advertising or passing off of or relating to Mendoza or the Mendoza Copyrighted Videos or Photographs;

2) Engaging in any other activity constituting an false claims of ownership or creation of any of Mendoza's Copyrighted Videos or Photographs; and,

3) Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraph F(1) through F(2) above.

G) That the Court issue and Order at the conclusion of the present matter that all copies of the Mendoza Copyrighted Videos or Photographs, and all storage devices and media on which they were stored, be seized, impounded or destroyed.

H) That Defendants pay Mendoza reasonable attorney's' fees and costs, total damages or three times Defendants' wrongful profits, and pre-judgment and post-judgment interest.

I) That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising.

## COUNT III:

## PASSING OFF AND UNFAIR COMPETITION UNDER VIRGINIA STATE LAW

38. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

39. In Virginia commerce and in commercial advertising and promotion, Defendants have falsely advertised and passed off the Mendoza Copyrighted Videos and Photographs as being Defendants' own work and work product, thereby engaging in unfair competition against Mendoza.

40. Despite prior written warnings and demands to cease and desist, Defendants have continued to pass themselves off as Mendoza or as being affiliated with, sponsored by or agents or representatives of Mendoza, and have continued to falsely pass off the Mendoza Copyrighted Videos and Photographs as being Defendants' own work and work product.

41. Mendoza and Defendants are direct competitors in the Virginia and suburban Washington, DC markets for selling and producing online advertising and promotional videos, photographs and materials.

42. Defendants' unfair competition and passing off has been and is willful, malicious and intentional, and has been perpetrated with a reckless, willful and deliberate disregard for the

rights of Mendoza, and with the specific intent to financially harm, damage and injure Mendoza, making this a willful and exceptional aggravated case of unfair competition and passing off.

43. Defendants' unfair competition and passing off have caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and have damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and wrongful gains from their unfair competition and passing off.

44. Defendants' unfair competition and passing off have caused and will continue to cause Mendoza repeated injury and irreparable harm for which Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or complete relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief, requiring that all Defendants' copies of the Mendoza Copyrighted Videos and Photographs be disabled, taken down, seized, impounded and deleted or destroyed.

45. Defendants' conduct had been committed willfully, intentionally, maliciously, with a total disregard for the rights of Mendoza, and with the specific intent to unlawfully harm and injure Mendoza in their business and finances.

46. Because this is a willful and exceptional case of passing off and unfair competition, Mendoza is also entitled to recover punitive damages jointly and severally from each Defendant in the amount of $350,000.00.

## REQUEST FOR RELIEF

Therefore, Mendoza respectfully requests judgment as follows:

A. That the Court enter a judgment against Defendants that Defendants committed unfair competition and passing off in violation of Virginia law.

B. That Defendants' unfair competition and passing off was willful, intentional, aggravated and exceptional, and was committed with a reckless disregard for the rights of Mendoza;

C. That the Court issue a preliminary and then permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos that are in the possession of Defendants that constitute or are substantially similar to the Mendoza Copyrighted Videos or Photographs;

2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or Photographs;

3) Engaging in any other activity constituting unfair competition or passing off of the Mendoza Copyrighted Videos or Photographs; or Defendants passing themselves off as Mendoza as agents or representatives of Mendoza, or as being sponsored by or affiliated with Mendoza;

4) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above;

D) The Defendants (KO Media, LLC, Jesse Hoptiak and Lesley Salman) be ordered to account to Mendoza for, and disgorge, all profits they have derived by reason of the unlawful actions complained of above;

E) That Mendoza be awarded damages for Defendants' unfair competition and passing off in the form of either Mendoza's actual lost profits or Defendants' wrongful profits.

F) That the Court issue a a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Unfair competition or passing off of or relating to Mendoza or the Mendoza Copyrighted Videos or Photographs;

2) Engaging in any other activity constituting false claims of ownership or creation of any of Mendoza's Copyrighted Videos or Photographs; and,

3) Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraph F(1) through F(2) above.

4) That the Court issue an Order at the conclusion of the present matter that all copies of the Mendoza Copyrighted Videos, and all storage devices and media on which they were stored, be seized, impounded or destroyed.

5) That Defendants pay Mendoza's reasonable attorney's' fees and costs.

6) That each Defendant, jointly and severally, is liable to Mendoza for $350,000.00 in punitive damages.

7) That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising.

**COUNT IV: TORTIOUS BREACH OF FIDUCIARY DUTY**

47. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

48. Mendoza retained and transacted with Defendants for Defendants to serve as sales agents for Mendoza's videography and video production business.

49. Defendants thus owed Mendoza fiduciary and agency duties of candor, loyalty, disclosure and faithfulness, the duty to avoid self-dealing, and the duty to avoid conflicts of interest.

50. In violation of their fiduciary duties, rather than honestly and faithfully serving as sales agents on behalf of Mendoza, Defendants secretly and duplicitously contracted with customers in their own names, converted and misappropriated customers, customer contracts and customer payments form Mendoza, forged Mendoza's signatures on fake contracts, passed off the copyrighted works (videos) and photographs of Mendoza as those of the Defendants, and passed themselves off as Mendoza or as being sponsored by or affiliated with Mendoza.

51. Defendants secretly and duplicitously converted and misappropriated follow-on jobs and contracts from Mendoza clients and customers without telling Mendoza about the follow-on jobs and contracts and without remitting the payments for those jobs and contracts to

Mendoza, all while pretending to be Mendoza or agents of Mendoza when interfacing with the customers.

52. As but on example, Defendants forged Mr. Mendoza's signature on a contract with Mendoza customer Rich/Richard Miller (*see* Ex. C), and Defendants also converted and misappropriated to their own benefit $11,000.00 due from Rich Miller to Mendoza.

53. Defendants' misconduct constitutes tortious breach of fiduciary duty under Virginia law.

54. Defendants' tortious breaches of fiduciary duty have been and are willful, malicious and intentional, and have been perpetrated with a reckless, willful and deliberate disregard for the rights of Mendoza, and with the specific intent to financially harm, damage and injure Mendoza, making this a willful and exceptional aggravated case of breach of fiduciary duty, entitling Mendoza to punitive and exemplary damages.

55. Defendants' tortious breaches of fiduciary duty have caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and customer relationships and contracts, and have damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, customers, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and gains from their tortious breaches of fiduciary duties.

56. Defendants' tortious breaches of fiduciary duties have caused and will continue to cause Mendoza repeated injury and irreparable harm for when Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or

complete relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief, requiring that all Defendants' copies of the Mendoza Copyrighted Videos and Photographs be disabled, taken down, seized, impounded and deleted or destroyed, and that all Defendants stop doing business with or soliciting Mendoza customers or holding themselves out as being sponsored by or affiliated with, or the same as, Mendoza.

57. Because of these tortious breaches of fiduciary duties, Mendoza is entitled to an award of $350,000 in punitive and exemplary damages against each Defendant, jointly and severally.

## **REQUEST FOR RELIEF**

Therefore, Mendoza respectfully requests judgment as follows:

A. That the Court enter a judgment against Defendants that Defendants committed tortious breaches of fiduciary duty in violation of Virginia law.

B. That Defendants' tortious breaches of fiduciary duty were willful, intentional, aggravated and exceptional, and were committed with a reckless disregard for the rights of Mendoza;

C. That the Court issue a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

   1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos that are in the possession of Defendants that constitute or are substantially similar to the Mendoza Copyrighted Videos or Photographs;

2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or photographs;

3) Falsely pretending to be Mendoza, or sponsored by or affiliated with Mendoza, or to be acting or contracting on behalf of Mendoza;

4) Engaging in any other activity constituting tortious breaches of fiduciary duty against Mendoza;

5) Working for, soliciting or taking payments from any wrongfully diverted or misappropriated customers or Mendoza;

6) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph C(1) through C(5) above;

D. The Defendants (KO Media, LLC, Jesse Hoptiak and Lesley Salman) be ordered to account to Mendoza for, and disgorge, all profits they have derived by reason of the unlawful actions complained of above;

E. That Mendoza be awarded damages for Defendants' tortious breaches of fiduciary duties in the form of either Mendoza's actual lost profits or Defendants' wrongful profits.

F. That the Court issue an Order at the conclusion of the present matter that all copies of the Mendoza Copyrighted Videos and Photographs, and all storage devices and media on which they were stored, be seized, impounded or destroyed.

G. That Defendants pay Mendoza reasonable attorney's' fees and costs.

H. That each Defendant, jointly and severally, is liable to Mendoza for $350,000.00 in punitive and exemplary damages.

I. That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising, and pre-judgment and post-judgment interest.

**COUNT V: TORTIOUS INTERFERENCE**

58. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

59. Mendoza retained and transacted with Defendants for Defendants to serve as sales agents for Mendoza's videography and video production business.

60. Defendants thus owed Mendoza fiduciary and agency duties of candor, loyalty, disclosure and faithfulness, the duty to avoid self-dealing, and the duty to avoid conflicts of interest.

61. In violation of their fiduciary duties, rather than honestly and faithfully serving as sales agents on behalf of Mendoza, Defendants secretly and duplicitously contracted with customers in their own names, converted and misappropriated customers, customer contracts and customer payments form Mendoza, forged Mendoza's signatures on fake contracts, passed off the copyrighted works (videos) and photographs of Mendoza as those of the Defendants, and passed themselves off as Mendoza or as being sponsored by or affiliated with Mendoza.

62. Defendants secretly and duplicitously converted and misappropriated follow-on jobs and contracts from Mendoza clients and customers (of which they had actual prior knowledge) without telling Mendoza about the follow-on jobs and contracts (of which they had actual prior knowledge) and without remitting the payments for those jobs and contracts to

Mendoza, all while pretending to be Mendoza or agents of Mendoza when interfacing with the customers.

63. As but on example, Defendants forged Mr. Mendoza's signature on a contract with Mendoza customer Rich/Richard Miller (*see* Ex. C), and Defendants also converted and misappropriated to their own benefit $11,000.00 due from Rich Miller to Mendoza.

64. Defendants' misconduct constitutes tortious interference with customer contracts and relationships, and with prospective economic advantage, under Virginia law.

65. Defendants' tortious interference has been and is willful, malicious and intentional, and has been perpetrated with a reckless, willful and deliberate disregard for the rights of Mendoza, and with the specific intent to financially harm, damage and injure Mendoza, making this a willful and exceptional aggravated case of tortious interference, entitling Mendoza to punitive and exemplary damages.

66. Defendants' tortious interference has caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and customer relationships and contracts, and has damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, customers, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and gains from their tortious interference.

67. Defendants' tortious interference has caused and will continue to cause Mendoza repeated injury and irreparable harm for when Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or complete

relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief, requiring that all Defendants' copies of the Mendoza Copyrighted Videos or Photographs be disabled, taken down, seized, impounded and deleted or destroyed, and that all Defendants stop doing business with or soliciting Mendoza customers or holding themselves out as being sponsored by or affiliated with, or the same as, Mendoza.

68. Because of Defendants' tortious interference, Mendoza is entitled to an award of $350,000 in punitive and exemplary damages against each Defendant, jointly and severally.

**REQUEST FOR RELIEF**

Therefore, Mendoza respectfully requests judgment as follows:

A. That the Court enter a judgment against Defendants that Defendants committed tortious interference with Mendoza's customer contracts, business relationships and prospective economic advantage in violation of Virginia law;

B. That Defendants' tortious interference was willful, intentional, aggravated and exceptional, and was committed with a reckless disregard for the rights of Mendoza;

C. That the Court issue a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

   1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos or photographs that are in the possession of Defendants that constitute or are substantially similar to the Mendoza Copyrighted Videos or Photographs;

2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or Photographs;

3) Falsely pretending to be Mendoza, or sponsored by or affiliated with Mendoza, or to be acting or contracting on behalf of Mendoza;

4) Engaging in any other activity constituting tortious interference against Mendoza;

5) Working for, soliciting or taking payments from any wrongfully diverted or misappropriated customers or Mendoza;

6) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph C(1) through C(5) above;

D) The Defendants (KO Media, LLC, Jesse Hoptiak and Lesley Salman) be ordered to account to Mendoza for, and disgorge, all profits they have derived by reason of the unlawful actions complained of above;

E) That Mendoza be awarded damages for Defendants' tortious interference in the form of either Mendoza's actual lost profits or Defendants' wrongful profits.

F) That the Court issue an Order at the conclusion of the present matter that all copies of the Mendoza Copyrighted Videos, and all storage devices and media on which they were stored, be seized, impounded or destroyed.

G) That Defendants pay Mendoza reasonable attorney's' fees and costs.

H) That each Defendant, jointly and severally, is liable to Mendoza for $350,000.00 in punitive and exemplary damages.

I) That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising, and pre-judgment and post-judgment interest.

## COUNT VI: BREACH OF CONTRACT

69. Mendoza incorporates by reference all prior paragraphs and allegations to this Complaint as though fully set forth herein.

70. Mendoza contracted and agreed with Defendants that they would serve as sales agents for Mendoza's videography and video production business.

71. Defendants thus owed Mendoza fiduciary and implied agency duties of candor, loyalty, disclosure and faithfulness, the duty to avoid self-dealing, and the duty to avoid conflicts of interest. They also owed Mendoza the obligation to act fairly, honestly and in good faith pursuant to the implied covenant of good faith and fair dealing.

72. In violation of their fiduciary and agency duties, and in violation of the implied covenant of good faith and fair dealing, rather than honestly and faithfully serving as sales agents on behalf of Mendoza, Defendants secretly and duplicitously contracted with customers in their own names, or while pretending to be Mendoza, converted and misappropriated customers, customer contracts and customer payments form Mendoza, forged Mendoza's signatures on fake contracts, and passed off the copyrighted works (videos) of Mendoza as those of the Defendants.

73. Defendants secretly and duplicitously converted and misappropriated follow-on jobs and contracts from Mendoza clients and customers without telling Mendoza about the follow-on jobs and contracts and without remitting the payments for those jobs and contracts to

Mendoza, all while pretending to be Mendoza or to be representing Mendoza when interfacing with the customers.

74. As but on example, Defendants forged Mr. Mendoza's signature on a contract with Mendoza customer Rich/Richard Miller (*see* Ex. C), and Defendants also converted and misappropriated to their own benefit $11,000.00 due from Rich Miller to Mendoza.

75. Defendants' misconduct constitutes breach of contract under Virginia law, including without limitation the implied covenant of good faith and fair dealing and implied agency duties.

76. Defendants' breaches of contract have caused and will continue to cause Mendoza to suffer substantial injuries, loss and damage to their proprietary and exclusive rights to the Mendoza Copyrighted Videos and Photographs and customer relationships and contracts, and have damaged Mendoza's business reputation and goodwill, diverted sales and business from Mendoza, and caused Mendoza to lose contracts, customers, sales and profits, in an amount exceeding $100,000.00. In addition, Mendoza is entitled to recover an award of Defendants' wrongful profits and gains from their breaches of contract.

77. Defendants' breaches of contract have caused and will continue to cause Mendoza repeated injury and irreparable harm for which Mendoza has no adequate remedy at law. The amount of damages caused to Mendoza by the Defendants' misconduct is difficult to precisely measure and quantify, and money damages would not afford Mendoza adequate or complete relief for Defendants' past, continuing and/or future misconduct. Therefore, Mendoza is entitled to preliminary and permanent injunctive relief, requiring that all Defendants' copies of the Mendoza Copyrighted Videos and Photographs be disabled, taken down, seized, impounded and deleted or destroyed, and that all Defendants stop doing business with or soliciting Mendoza

customers or holding themselves out as being sponsored by or affiliated with, or the same as, Mendoza.

**REQUEST FOR RELIEF**

Therefore, Mendoza respectfully requests judgment as follows:

A) That the Court enter a judgment against Defendants that Defendants committed breaches of contract against Mendoza in violation of Virginia law;

B) That the Court issue a preliminary injunction and then a permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from:

1) Publishing, copying, selling, distributing, destroying, altering or otherwise disposing of any videos that are in the possession of Defendants that constitute or are substantially similar to the Mendoza Copyrighted Videos or Photographs;
2) Destroying any documents, electronic files, business records, or any other tangible or intangible file or object pertaining to the copying, reproduction, donation, publication, duplication, distribution, or advertisement of any such videos or Photographs;
3) Falsely pretending to be Mendoza, or to be sponsored by or affiliated with Mendoza, or to be acting or contracting on behalf of Mendoza;
4) Engaging in any other activity constituting breaches of contract against Mendoza;
5) Transacting business with, soliciting or taking payments from, any wrongfully diverted or misappropriated customers of Mendoza;

6) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph B(1) through B(5) above;

C) The Defendants (KO Media, LLC, Jesse Hoptiak and Lesley Salman) be ordered to account to Mendoza for, and disgorge, all profits they have derived, by reason of the breaches complained of above;

D) That Mendoza be awarded damages for Defendants' breaches of contract in the form of either Mendoza's actual lost profits or Defendants' wrongful profits;

E) That the Court issue an Order at the conclusion of the present matter that all copies of the Mendoza Copyrighted Videos and Photographs, and all storage devices and media on which they were stored, be seized, impounded or destroyed;

F) That Defendants pay Mendoza's reasonable attorney's fees and costs.

G) That Mendoza be awarded such other relief as may be appropriate, including costs of corrective advertising, and pre-judgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

The Mendoza Plaintiffs request and demand trial by jury on all issues so triable.

Respectfully Submitted This 21st Day of July, 2023:

By: /s/ Michael C. Whitticar

Michael C. Whitticar
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com